Filed 6/5/23  P. v. Brass CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080675 |
| v. | (Super.Ct.No. FSB1302919) |
| ISAAC LAMONT BRASS, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Isaac Lamont Brass, Jr., appeals from the order of the San Bernardino Superior Court denying his section 1172.6 petition for resentencing.[1]

## BACKGROUND

In 2013, a jury convicted defendant of several offenses, including attempted murder. (§§ 664, 187.) It also found true that he personally used and discharged a firearm in the commission of the attempt. Defendant appealed and we struck improperly imposed on-probation enhancements, ordered amendment of the abstract of judgment to reflect the change, and affirmed the judgment in all other respects. (*People v. Brass* (Aug. 7, 2015, E060714) [nonpub. opn.] (*Brass I.*).)

In March 2022, defendant filed a section 1172.6 petition for resentencing. The People opposed the petition and requested judicial notice of our opinion in *Brass I*, the jury's signed verdict forms, as well as the trial court's files and records in defendant's case. Defendant argued his petition established on its face his entitlement to relief and, therefore, the court should not decide the credibility of his allegations without first holding an evidentiary hearing.

At the January 2023 hearing on the petition, the trial court granted the People's request for judicial notice and denied defendant's petition on the ground that its review of the court record established defendant was prosecuted and convicted on the sole theory that he was the actual person who attempted to murder the victim and used a firearm in

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering. All further statutory references are to the Penal Code.

committing the offense. Defendant timely noticed this appeal and we appointed counsel to represent him.

## DISCUSSION

Counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel requests we exercise our discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216 to conduct an independent review of the record and suggests we address the questions whether the trial court followed proper procedures and whether it erred in denying defendant's petition.

We notified defendant that his counsel had filed a brief stating no arguable issues could be found and that this court may, but is not required, to conduct an independent review of the record. (*People v. Delgadillo*, *supra*, 14 Cal.5th 216.) We invited him to file any arguments he deemed necessary and cautioned that failure to timely file a supplemental brief might result in the dismissal of his appeal as abandoned. Defendant did not file a brief.

Neither defendant nor his counsel have presented an issue and we decline to exercise our discretion to review the record. Accordingly, we dismiss defendant's appeal.

## DISPOSITION

The appeal is dismissed as abandoned.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.